# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY ZAHNER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 15-1032-CV-W-FJG-P |
| RYAN CREWS, | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, who currently is confined at the Western Reception, Diagnostic, and Correctional Center in St. Joseph, Missouri, has filed pro se a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2012 convictions and sentences for domestic assault in the second degree and resisting or interfering with an arrest for a felony, which were entered in the Circuit Court of Buchanan County, Missouri, after he pleaded guilty to those offenses.

Petitioner raises four grounds for relief. All four appear to be iterations of the same ground: that petitioner was sentenced to serve his sentences consecutively, rather than concurrently.

Respondent has filed a response (Doc. No. 6) which includes a request that the petition be dismissed as time-barred. Petitioner has filed a reply thereto (Doc. No. 8), but it does not address respondent's contention that the petition was filed outside the one-year statute of limitations period.

A one year limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The record reflects that petitioner pleaded guilty to domestic assault and resisting or interfering with an arrest for a felony on September 19, 2012, and was sentenced on October 26, 2012. The judgment became final on the date of sentencing. See State v. Harris, 863 S.W.2d 699, 700 (Mo. App. 1993) (judgment in a criminal case becomes final when sentence is entered).

The statute of limitations was tolled for 10 days to give petitioner an opportunity to file a notice of appeal. Therefore, petitioner had until November 5, 2012, to file his notice of appeal. Because he did

not, the limitations period began to run. see Moore v. United States, 173 F.3d 1131, 1132 (8th Cir. 1999) (holding that Fed. R. Civ. P. 6(a) applies to 28 U.S.C. § 2254 cases). Petitioner did not file a Missouri Supreme Court Rule 24.035 post-conviction relief motion. Consequently, the statute of limitations was not tolled.

Because petitioner filed this Section 2254 petition for a writ of habeas corpus on December 23, 2015 – more than three years after the state court judgment became final and long after expiration of the federal statute of limitations, this case must be dismissed as time barred.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is **DENIED**;

(2) this case is **DISMISSED** with prejudice; and

(3) a certificate of appealability is **DENIED**.

/s/ *Fernando J. Gaitan, Jr.*
FERNANDO J. GAITAN, JR.
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: March 17, 2016.